## FIEDLER et al., Respondents, v. BAMBRICK, Appellant.

**St. Louis Court of Appeals, January 26, 1909.**

1. **INJUNCTION: Contempt.** An injunction was granted restraining a defendant from blasting in his quarry in a way to constitute a nuisance to neighboring land owners, and in a contempt proceeding for the violating of the injunction order, the evidence is examined and held sufficient to show its violation.

2. ————: ————: **Corporation: Officer.** Where a corporation was enjoined from doing certain acts and such acts were done under the direction and at the instance of the president of the corporation, the president could be punished for the contempt.

Appeal from St. Louis City Circuit Court.—*Hon. Jesse A. McDonald,* Judge.

AFFIRMED.

*Thomas J. Rowe* for appellant.

*Walther & Muench* for respondents.

(1) "Although a corporation is an existence entirely distinct from its officers or members, yet the latter may be held answerable, or in contempt of court, for refusal or neglect to perform the orders, decrees or judgments of the court." Cook on Corporations, sec. 756. Corporate officers are punishable for contempt

when they have knowledge of an injunction and disobey it willfully. 5 Thompson on Corporations, sec. 6450; Rapalje on Contempt, sec. 48. (2) The person enjoined must not only obey the injunction himself, but he must prevent the violation of it by those under his control; otherwise he will be guilty of contempt. Rapalje on Contempt, sec. 45; Blunt v. Martin, 21 Ga. 127; Neagle v. Osborne, 15 How Pr. (N. Y.) 81; Pourtman v. Russell, 33 Wis. 193; Wheeler v. Gilsey, 35 How. Pr. (N. Y.) 139; Stimpson v. Putnam, 41 Vt. 244; State ex rel. v. Dillon, 96 Mo. 56.

GOODE, J.—On May 9, 1907, defendant, Bambrick Bros. Construction Company, was, by decree of the circuit court of the city of St. Louis, "perpetually enjoined from so operating its quarry on said lots in City Block 2434 of the city of St. Louis, and hereinbefore described, owned by defendant, or permitting the same to be so operated as to throw dirt, rocks or stones on any of the property of the plaintiffs described in their second amended petition herein, and in the evidence adduced, or from so operating said quarry or permitting the same to be so operated as to jar or shake any of the buildings on any of plaintiffs' said property, or so as to cause any of said property of plaintiff to shake and vibrate; or so as to impair the comfortable use and occupancy of said property of plaintiffs for dwelling house purposes, by loud and deafening sounds and explosions in said quarry." That decree was entered in a suit wherein Elizabeth Fiedler, the present plaintiff, and many other property owners in the neighborhood of the construction company's quarry, were plaintiffs. On November 11, 1907, Elizabeth Fiedler filed an information reciting the terms of the aforesaid decree and charging further, as follows:

"That the defendant has been twice heretofore cited for contempt of the said restraining order and

fines assessed against it and a copy of said injunction decree was heretofore duly served upon the defendant corporation, and upon its president and manager John Bambrick, and upon Robert D. Donovan, also known as James Donovan, the superintendent in charge of the defendant's said quarry. That the said defendant and the said Bambrick and Robert D. Donovan have violated the said injunction in this, that on the 12th day of October, 1907, October 17th, October 22d, October 29th, October 31st and November 8, 1907, they did so operate said quarry and blast therein as to cause the property and buildings of this plaintiff and her coplaintiffs to shake. That the said blasting caused very loud reports and noises, and the property of the plaintiffs was by said blasting damaged and the lives of plaintiff and her coplaintiffs were thereby greatly imperiled. That on the 8th day of November, 1907, the said defendant and the said John Bambrick and Robert D. Donovan did so operate the said quarry in violation of the said injunction as to cause, by blasting therein, large fragments of rock to fall upon the property of this plaintiff and her coplaintiffs, and that a large piece of rock weighing about three pounds, and being about six and one-half by five inches in dimensions was by said blasting hurled upon plaintiff's property and fell within two feet of the place where plaintiff and her mother were standing, and that said rock descended with so much force that it sank into the earth to the depth of several inches. Plaintiff further says that said violation of the said restraining order by the said defendant and its officers and agents has been wilful."

An order was issued by Judge McDonald of the circuit court to the construction company, its president John Bambrick and Robert D. Donovan, directing said parties to appear in the court on November 15, 1907, and show cause why they should not be punished for contempt of court in violating said decree of in-

junction. A trial was had later, resulting in findings by the court that John Bambrick had violated the injunction in this: on November 8, 1907, said Bambrick so operated the said quarry, and wilfully and contumaciously caused it to be operated in violation of the injunction, by so blasting therein as to cause large fragments of rock to be thrown from said quarry upon the property of plaintiffs; that a large piece of rock was hurled from said quarry by a blast so contumaciously caused by said Bambrick, with such force that it sank into the earth on plaintiff's premises several inches. The court further found the decree of injunction was entered as aforesaid on May 9, 1907, and a duly certified copy of the writ had been served on said Bambrick on October 8, 1907. Wherefore the court adjudged said Bambrick was in wilful contempt of the court and ordered and adjudged that he be committed to the jail of the city of St. Louis for a term of five days. It was further adjudged that the Construction Company and Robert D. Donovan be discharged from the citation proceedings.

An appeal was taken from the judgment of commitment upon one assignment of error, to-wit: there was no evidence to prove John Bambrick violated the injunction order. In support of the assignment it is argued that as the construction company was discharged, Bambrick could not have been guilty. We do not accede to either the lack of testimony to prove he was guilty, or the contention that he could not be held guilty if the Construction Company was discharged. In fact we hardly understand on what ground it can be insisted there was nothing to justify finding him guilty. The testimony showed numerous blasts of extreme violence occurred in the quarry after the decree of injunction had been rendered; blasts which shook the neighboring houses, threw showers of stones into the yards and sometimes fragments of rock weighing as much as three pounds. On November 8th, a rock of

that weight was hurled into the garden of Elizabeth Fiedler, 175 feet from the quarry, and fell within a few feet of where she and her mother were standing. The evidence of the violence of the blasting and that it constituted a nuisance which was dangerous to the property and lives of persons in the neighborhood, including the informant, is positive. Houses three hundred feet away were jarred. The noise of the blasts was very loud and rocks were scattered about the adjacent streets and homes. John Bambrick is the president of the defendant company. During the trial and when a witness was being asked about Bambrick's connection with the company, his counsel made this admission: "Yes, sir, he is the president of the Bambrick Construction Company, and he was present and he was responsible for this whole thing; I make that admission." This solemn admission in open court settled the question of Bambrick's responsibility for the acts of nuisance, but if more proof were needed, his own testimony furnished it. He testified he was in the quarry every day, including November 8th, watching and looking after the manner in which the blasting was conducted, and was present when the especially violent blast on said date was fired.

The judgment is affirmed. All concur.